**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

             Case No. 2:26-cr-00616-MIS

EDUARDO PRAT,

  Defendant.

<u>**ORDER DENYING DEFENDANT'S MOTION TO CONTINUE**</u>

THIS MATTER is before the Court on Defendant Eduardo Prat's ("Defendant") Second Motion to Continue ("Motion"), ECF No. 38, filed on June 23, 2026. The Government filed a Response opposing continuance on June 25, 2026. ECF No. 42. The Court held a hearing on the Motion on July 1, 2026. Clerk's Min. for Hr'g of July 1, 2026, ECF No. 44. Upon review of Defendant's Motion, the record, and the relevant law, the Court will deny Defendant's Motion.

Trial is scheduled to begin on July 20, 2026. Scheduling Order, ECF No. 17. Defendant requests the Court continue his trial because the Government plans to seek a superseding indictment on July 16, 2026. Mot. ¶ 6, ECF No. 38. The Government states that the "superseding indictment will revise the language of Count 1 by replacing the word 'strangled' with 'forcibly grabbed John Doe's neck,' or words to that effect," Resp. at 1, ECF No. 42, and "will . . . divide the original Count 2 into two separate counts, now designated as Counts 2 and 3." *Id.* "Count 2 will allege that, on or about May 22, 2023, the defendant violated 18 U.S.C. § 1519; Count 3 will allege that, on or about June 12, 2023, he committed the same offense." *Id.* The Government states that "the purpose of the superseding indictment is . . . to eliminate any potential argument that Count 2 of the current indictment impermissibly charges two offenses in a single count, and to

ensure the government is not forced at trial to elect which of the two acts should be submitted to the jury." *Id.* at 2.

Defendant's Counsel argues that four days is insufficient time to receive the superseding indictment, confer with Defendant, and present new information and changes to expert witnesses. *Id.* ¶¶ 6-8; *see also* Clerk's Min. for Hr'g of July 1, 2026 at 1-2, ECF No. 44.

The Government argues the superseding indictment will make minimal changes that "do not add any new substantive charges, alter the underlying evidence, require additional discovery, or expand the government's theory of the case." Resp. at 1, ECF No. 42. The Government argues that "[t]he modifications—refining the language in Count 1 and dividing Count 2 into two counts—are structural and clarifying, not substantive. They do not change what the government must prove at trial or the core conduct at issue." *Id.* at 2. As to the division of Count 2, the Government argues Defendant "has been aware since the return of the original indictment that the government's evidence concerns both dates." *Id.* at 1.

Reviewing a Motion to Continue requires the Court to examine "four factors: (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial. *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018) (citation omitted). "The final factor is the most important." *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012) (citation omitted). The factors favor denial, and the Court will deny Defendant's Motion accordingly.

As to the first factor, Defendant's Counsel has so far met all deadlines but also apparently scheduled a personal matter during the first day of trial after the Court issued the scheduling order. The Court has had no reason to question Defendant's counsel diligence regarding preparation of

an adequate defense, but also no reason to consider him particularly diligent. The first factor neither favors nor disfavors a continuance.

As to the second factor, whether a continuance would accomplish the stated purpose, the Court finds it would not. Defendant bases his request on Defendant's Counsel's need for "sufficient time to prepare for trial," "review the soon to be issued indictment," meet with Defendant, and have "the Defense experts review and revise their respective reports." Mot. ¶ 8, ECF No. 38. The division of Count 2 into two counts with separate dates does not require additional preparation because Defendant has been aware of both incidents since the first indictment. Resp. at 1-2, ECF No. 42. The change in language in Count 1 might change the Defendant's defense, but Defendant has offered only a vague need to reengage with his expert witnesses. Mot. ¶¶ 6, 8, ECF No. 38.

The testimony of Defendant's expert witnesses does not appear to be impact by the difference between "strangled" and "forcibly grabbed." Resp. at 1, ECF No. 42; Notice of Expert Witnesses, ECF No. 21. One expert's testimony "will center around his specialized knowledge concerning forensic video analysis, synchronization of body-worn camera recordings, image content analysis, video clarification and enhancement, temporal sequencing, and interpretation of digital video evidence." Notice of Expert Witnesses at 6, ECF No. 21. The other's testimony will "center around his specialized knowledge concerning police practices, use of force evaluation, human factors psychology, perception and reaction time, body-worn camera limitations, and forensic video analysis." *Id.* at 2. Neither expert will focus on the difference between "strangling" and "forcibly grabbing." *Id.* at 2, 6. And the Court does not believe that whether Defendant "strangled" or "forcibly grabbed" John Doe impacts testimony about police practices and training

3

in the use of force. It will be up to the jury to decide whether Defendant's actions complied with his training. The second factor does not favor a continuance.

As to the third factor, a delay would inconvenience the Court, witnesses, and the Government. The Court scheduled this trial fifteen weeks ago and has little space to move it backward in the calendar due to other pending trials. The next time the Court could hold this trial is mid-November; four and a half months from now. As the deadline to declare expert witnesses has passed for both parties, Scheduling Order at 1, ECF No. 17, a continuance would inconvenience witnesses counting on the schedule as issued. Finally, delay would impact the Government's ability to prosecute other cases, ultimately impacting other defendants and their interests. The third factor does not favor a continuance.

Finally, as to the most important factor, the Court sees no harm in denying the instant Motion. Defendant is, and has been, aware of the impending change to the superseding indictment for several weeks, *see* Mot., ECF No. 38, and offers only the vaguest assertion that the superseding indictment will impact his trail preparation, *see* Clerk's Min. for Hr'g of July 1, 2026, ECF No. 44. Defendant's lack of specificity, and the focus of his expert witnesses on other issues, indicates that little to no harm will come from delay and Defendant's Counsel has sufficient time to prepare. The fourth factor does not favor a continuance.

As three of the four factors favor denial and the fourth is neutral, the Defendant's Motion for Continuance is denied.

**This Order applies only to the anticipated superseding indictment as represented by the Government and summarized above**, i.e., changing the language in Count 1 and splitting Count 2 into Counts 2 and 3 to charge acts on two dates. If the superseding indictment differs

materially from what the Government has represented, the Court will reconsider Defendant's Second Motion to Continue and rule as appropriate.

Accordingly, it is **HEREBY ORDERED** that Defendant Prat's Motion to Continue, ECF No. 38, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE