IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

v.

Case No. 2:26-cr-00616-MIS

EDUARDO PRAT,

Defendant.

## ORDER GOVERNING EXPERT TESTIMONY

THIS MATTER is before the Court on Defendant Eduardo Prat's ("Defendant") Motion to Exclude Testimony ("Defendant's Motion"), ECF No. 24, the Government's Motion to Limit Expert Testimony ("Government's Motion on Blake"), ECF No. 27, and the Government's Motion to Limit Expert Testimony of Robert McFarlane ("Government's Motion on McFarlane"), ECF No. 31. The Government responded to Defendant's Motion, ECF No. 28, and Defendant responded to the Government's Motions, ECF Nos. 30, 35. The Court held a hearing on the Motions on July 7, 2026. Clerk's Min. for Hr'g of July 7, 2026, ECF No. 52. Upon review of the Parties' submissions, the record, and the relevant law, the Court issues this Order Governing Expert Testimony.

## I. Background

The Government provides notice of three experts: Mr. Bryan Chiles, ECF No. 19 at 1-4, Mr. Matthew Harvey, *id.* at 4-5, and Mr. Charles Garcia, ECF No. 20 at 1-3.

Defendant moves to exclude the testimony of Mr. Garcia, arguing (1) the Government violated Federal Rule of Criminal Procedure 16 by failing "to disclose the actual opinions Garcia intends to offer, the bases for those opinions, or the methodology [Mr. Garcia] applied to the facts of the case," Def.'s Mot. at 5-6, ECF No. 24, (2) Mr. Garcia's proposed testimony is improper

under Federal Rule of Evidence ("Rule") 702, *id.* at 6, (3) Mr. Garcia's testimony risks impermissible legal conclusions and mental-state opinions under Rule 704, *id.* at 6-7, and (4) the Government did not establish reliable methodology under Rule 702, *id.* at 7-8. The Government responds that it adhered to Rule 16, Mr. Garcia's testimony is proper under Rule 702, Mr. Garcia will not offer improper opinions under Rule 704, and his methodology is reliable. Resp. to Def.'s Mot. at 1-5, ECF No. 28.

Defendant provides notice of two experts: Dr. David Blake, ECF No. 21 at 1-4, and Mr. Robert McFarlane, *id.* at 4-8.

The Government opposes the second, third, and fourth opinions in Dr. Blake's report, arguing they violate Rules 403, 702, and 704 by bringing in inadmissible hearsay, impermissibly offering legal conclusions, and impermissibly testifying about the Defendant's intent and mental state. Govt's Mot. on Blake at 7-18, ECF No. 27. Defendant responds that Dr. Blake's proposed testimony about police training and practice and human factors and perception is permissible, and his testimony does not violate the Rule 704 prohibition on opining about intent. Def.'s Resp. to Govt's Mot. on Blake at 1-10, ECF No. 30.

The Government opposes Mr. McFarlane's proposed testimony on the use of force because it goes beyond his stated expertise, which is in forensic video analysis. Govt's Mot. on McFarlane at 7-9, ECF No. 31. Defendant responds that Mr. McFarlane will not testify about use of force and will only testify about testimony related to his expertise in forensic video analysis. Def.'s Resp. to Govt's Mot. on McFarlane at 2, ECF No. 35.

The Parties proposed an Order Governing Expert Testimony which resolves all but four objections. *See* Tr. of Hr'g of July 7, 2026 at 2:13-19[1] ("Well, Your Honor, I think the order is fine. I don't think it addresses, however, some of the government's specific objections, particularly with respect to Dr. Blake's testimony."); *id.* at 13:16-24 ("So as far as I'm concerned, my objection is dealt with within the order that's before the Court. So any issue regarding ultimate opinion, mental state of my client, by Mr. Garcia, I think that proposed agreed order will take care of that."). Therefore, the Court includes the crux of that proposed order in this order. *Infra* III.A.

The remaining four objections were addressed at the *Daubert* Hearing held on July 7, 2026. All four objections were by the Government regarding Dr. Blake's proposed testimony. *See id.* at 2:13 – 12:1. Three objections were resolved at the hearing.

Two of the three resolved objections concerned the use of Dr. Blake's testimony to introduce hearsay. The Government argued that, unless Defendant testifies at trial, Dr. Blake's second opinion will introduce hearsay evidence about the Defendant "accidentally grab[bing] and squeez[ing] John Doe's neck," *id.* at 3:24 – 4:4, and Dr. Blake's fourth opinion will introduce hearsay evidence that the Defendant felt threatened by John Doe, *id.* at 8:16-25. At the hearing, the Court ordered that if Defendant's experts testify "about things the defendant is going to say during trial, or has said to [the experts] privately, [e.g.,] that this guy was threatening, that it was only two seconds he held him by the neck, [etc.]," Defendant must testify first. *Id.* at 11:13-17.

The third resolved objection concerned whether Dr. Blake could opine on an ultimate issue of fact. The Government stated that "[Dr. Blake's fourth] opinion is really a thinly disguised conclusion that the defendant acted reasonably, which is an ultimate issue for the jury to decide."

---

[1]      Neither party ordered the transcript. The Court cites to the Court reporter's original rough draft of the hearing transcript. Any final transcript may contain slightly different page and/or line numbers.

*Id.* at 9:7-10. The Court noted that Rule 704(a) permits experts to opine on ultimate issues of fact. Tr. of Hr'g of July 7, 2026 at 9:22-24 ("Okay. I mean, I think experts are allowed to give opinions on ultimate issues of fact, as long as they're not opinions about a mental state or condition."); *see also* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."); *United States v. Goodman*, 633 F.3d 963, 968 (10th Cir. 2011) ("Rule 704(a) specifically allows testimony in the form of an opinion that 'embraces an ultimate issue to be decided by the trier of fact.'") (citation omitted). In overruling the Government's objection, the Court clarified that the Government was not concerned about Dr. Blake's fourth opinion opining on Defendant's mental state or condition, which would violate the Rule 704(b) prohibition on opinions about mental state or condition. Tr. of Hr'g of July 7, 2026 at 9:52 – 10:1 ("So do you think []there's a mental state or condition opinion here on opinion number 4 of Dr. Blake?"); Fed. R. Evid. 704(b). The Government confirmed it was not concerned. Tr. of Hr'g of July 7, 2026 at 10:2-5. ("No, the government—the government's objection is simply Dr. Brake's anticipated testimony that, under the circumstances, [Defendant's] actions were reasonable.").

The only objection left unresolved at the conclusion of hearing was whether Dr. Blake's second opinion constituted an impermissible opinion on Defendant's mental state or condition under Rule 704(b). *Id.* at 4:5-14.

## II.  Legal Standard

"[T]he Rules of Evidence—especially Rule 702—do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "*Daubert's* general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to

testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

Federal Rule of Evidence 704(b) prohibits expert witnesses from stating opinions "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." *Diaz v. United States*, 602 U.S. 526, 528 (2024).

## III. Discussion

One objection remains: that Dr. Blake's second opinion testimony will impermissibly opine on Defendants' mental state in violation of Rule 704(b). The Court first includes the crux of the proposed order to resolve all other outstanding objections, *see supra* Section I, then restricts expert testimony about Defendant's intent to ensure testimony conforms with Rule 704(b).

### A. The Parties' experts are required to adhere to Rules 403, 702, and 704.

#### (1) *Scope of Expert Testimony*

Each expert witness shall testify only within the scope of the opinions, bases, methodologies, and subject matters disclosed pursuant to Federal Rule of Criminal Procedure 16 and any expert report or disclosure timely provided in this case. No expert shall offer opinions beyond those fairly disclosed in discovery.

#### (2) *Expert Testimony Permitted*

Expert testimony may include testimony concerning specialized knowledge, training, experience, technical procedures, professional standards, accepted methodologies, scientific or technical principles, and other matters that satisfy Federal Rule of Evidence 702 and assist the jury in understanding the evidence or determining a fact in issue.

Experts may testify to relevant industry practices, law-enforcement training, terminology, technical systems, investigative procedures, digital evidence, forensic methodologies, or other specialized subjects within their respective fields of expertise.

Experts may also explain the facts or data upon which they relied in forming their opinions to the extent permitted by Federal Rule of Evidence 703.

**(3)** *Expert Testimony Prohibited*

No expert witness shall: testify regarding the governing law or instruct the jury concerning the law; define or interpret constitutional provisions or federal criminal statutes; express legal conclusions; opine whether any party complied with or violated the Constitution, a federal statute, or any legal standard governing the issues to be decided by the jury; express an opinion that any party is guilty or not guilty; express an opinion concerning the existence or absence of any mental state or condition constituting an element of a charged offense or defense, as prohibited by Federal Rule of Evidence 704(b); testify concerning the credibility or truthfulness of another witness; tell the jury what result to reach or otherwise invade the province of the jury as factfinder; merely repeat or summarize otherwise inadmissible hearsay without applying an independent expert analysis; or offer opinions whose probative value is substantially outweighed by the dangers identified in Federal Rule of Evidence 403.

**(4)** *Application of Professional Standards*

An expert may testify regarding relevant professional standards, training, policies, accepted practices, or technical procedures within the witness's field of expertise. Such testimony shall be offered solely to assist the jury in understanding the evidence and shall not be offered as evidence that compliance or noncompliance with internal policies or professional standards

establishes, or fails to establish, liability, criminal culpability, or the existence of any constitutional or statutory violation.

### (5) *Opinions Based Upon Facts or Data*

Experts may base their opinions upon facts or data reasonably relied upon by experts in the particular field as permitted by Federal Rule of Evidence 703. An expert shall not merely serve as a conduit for otherwise inadmissible evidence or advocate a party's version of disputed facts under the guise of expert testimony.

### (6) *Demonstrative Evidence*

Experts may utilize demonstrative exhibits, summaries, diagrams, timelines, photographs, video enhancements, synchronized recordings, frame-by-frame analyses, or similar demonstrative materials, provided such exhibits fairly depict the underlying evidence, accurately reflect the methodology employed, and otherwise satisfy the Federal Rules of Evidence.

### (7) *Objections at Trial*

Nothing in this Order precludes either party from asserting contemporaneous objections at trial under the Federal Rules of Evidence should an expert's testimony exceed the limitations established herein. Nothing in this Order shall be construed as a determination regarding the admissibility of any particular exhibit or specific question not addressed herein.

**B. Dr. Blake may not testify about the intent of a person with Defendant's training in Defendant's exact situation because it violates Rule 704(b) and prevents the jury from taking an inferential step to determine Defendant's mental state.**

Rule 704(b) "prohibits expert witnesses from stating opinions 'about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.'" *Diaz*, 602 U.S. at 528 (quoting Fed. R. Evid. 704(b)). In discussing hypothetical

scenarios, "Rule 704(b) applies only to opinions about the defendant," not about general persons in similar situations. *See id.* at 534. An expert discussing a hypothetical scenario, however, must not make the scenario so specific that it does not permit the jury to make "an additional inferential step to determine" the requisite mental state of the Defendant. *Goodman*, 633 F.3d at 970.

> The Supreme Court in *Diaz* gave a guiding example
>
> Take for example an expert who testifies at an arson trial that all people in the defendant's shoes set fires maliciously (the mental state required for common-law arson). Although the expert never spoke the defendant's name, the expert nonetheless violated Rule 704(b). That is because the expert concluded that the defendant was part of a group of people that all have a particular mental state. The phrase "all people in the defendant's shoes" includes, of course, the defendant himself.
>
> So, when the expert testified that all people in the defendant's shoes always set fires with malicious intent, the expert also opined that the defendant had that mental state. The expert thus stated an opinion on the defendant's mental state, an ultimate issue reserved for the jury, in violation of Rule 704(b).
>
> Here, by contrast, Agent Flood asserted that Diaz was part of a group of persons that may or may not have a particular mental state. Of all drug couriers—a group that includes Diaz—he opined that the majority knowingly transport drugs. The jury was then left to decide: Is Diaz like the majority of couriers? Or, is Diaz one of the less-numerous-but-still-existent couriers who unwittingly transport drugs? The ultimate issue of Diaz's mental state was left to the jury's judgment. As a result, Agent Flood's testimony did not violate Rule 704(b).

602 U.S. at 535-36; *see also United States v. Archuleta*, 737 F.3d 1287, 1298 (10th Cir. 2013) (suggesting that expert violated Rule 704(b) where "[t]he 'altered' second hypothetical involved the same facts as in Archuleta's case, and directly posed the question of whether a person in Archuleta's position could lack the requisite mens rea.").

Here, the Government objects to Dr. Blake's second opinion on the grounds that he will give an opinion on Defendant's intent in violation of Rule 704(b). Govt's Mot. on Blake at 7-9, ECF No. 27; Tr. of Hr'g of July 7, 2026 at 4:5-14 ("Dr. Blake should be prohibited from opining

8

that the defendant lacked the require[d] [mental state] by declaring the defendant's acts as, quote, unintended."). Defendant is charged with a violation of 18 U.S.C. § 1519, which requires intent, and a violation of 8 U.S.C. § 242, which requires "willful" deprivation of a person's rights. Indictment at 1-2, ECF No. 3. Willfulness requires intent. *Willful*, Black's Law Dictionary (12th ed. 2024) ("Done wittingly or on purpose, as opposed to accidentally or casually; voluntary and intentional, but not necessarily malicious.").

Dr. Blake's second opinion is

> A law-enforcement Agent trained in non-lethal and deadly-force standards similar to those applicable to Agent Prat would not classify brief, **unintended** contact of approximately two seconds with the neck/face/jawline of a detainee, under similar circumstances, as a chokehold, strangulation, or other prohibited neck restraint that is likely to cause death or serious bodily injury.

Dr. Blake's Report at 15:3-8, ECF No. 27-1 (emphasis added).

In his exchange with the Court about Dr. Blake's second opinion, Defendant's counsel stated that he would elicit testimony about what a person with the same training as Defendant would do.

> THE COURT: So you're going to go—your plan though, is to have experts say agents trained like the defendant in this case would not see a two second restraint of the neck as prohibited?
>
> MR. PEREZ: Correct.
>
> THE COURT: I mean, so you're saying other people—exactly in the shoes of your client, would not have—
>
> MR. PEREZ: Based on the training and experience, yes, Your Honor.

Tr. of Hr'g of July 7, 2026 at 6:3-12.

Defendant's Counsel's plan to place the expert directly in Defendant's shoes regarding classification of "unintended contact," Tr. of Hr'g of July 7, 2026 at 6:3-12, is prohibited by *Diaz*,

9

602 U.S. at 536 ("[T]he expert nonetheless violated Rule 704(b) . . . because the expert concluded that the defendant was part of a group of people that all have a particular mental state. The phrase 'all people in the defendant's shoes' includes, of course, the defendant himself."). By opining that *any person* with Defendant's training would believe his contact with John Doe was "unintended," or classify such conduct as "unintended," Defendant's expert witness is testifying that *Defendant's* act was unintended or not willful. *Id.* That violates the Rule 704(b) prohibition on opining about mental state or condition. Furthermore, because willfulness is an element of 18 U.S.C. § 242, whether Defendant's actions were willful or unintentional is a decision the jury must make for itself, and Defendant's expert may not complete the inferential step for the jury. *Goodman*, 633 F.3d at 970.

The Court finds that Defense Counsel's plan to elicit Dr. Blake's second opinion by using hypotheticals which exactly mirror Defendant's situation (1) violates Rule 704(b) by opining on a mental state or condition and (2) does not permit the jury to make a final inferential step as to Defendant's intent or the willfulness of his actions. Defendant's expert witnesses may not testify that the specific conduct here, when undertaken by a hypothetical person identical to Defendant, was, or should be classified as, unintentional.

## IV. Conclusion

In summary, the Government and Defendant's Counsel and their respective expert witnesses must conform to Federal Rule of Criminal Procedure 16 and Federal Rules of Evidence 403 702, 703, and 704. Both the Government and Defendant's Counsel may use hypothetical scenarios with expert witnesses but must not construct hypothetical scenarios in such a way that the expert opines on Defendant's mental state or condition or prevents the jury from making "an

additional inferential step to determine" the requisite mental state of the Defendant, i.e., that Defendant acted with or without intent or willfully or unwilfully.

Accordingly, it is **HEREBY ORDERED** that both Parties' expert witness testimony conforms to the above requirements.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

11